## STEINBERG v LAWRENCE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,660. Decided June 15, 1931

Anderson & Lamb, Cleveland, for Steinberg.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Lawrence.

MAUCK, PJ and MIDDLETON, J (4th Dist), and FARR, J, (7th Dist), sitting.

MIDDLETON, J.

It appears from the record that the defendant was called by the plaintiff for cross examination. During that examination he was asked the following question:

"Q. By reason of that car upsetting, the force of the upsetting caused what injuries to Mrs. Williams, as you saw them?"

This inquiry was objected to by the defendant and the objection sustained.

The question in a way was competent as reflecting upon the force of the upset of the car, but in the absence of any shown ability on the part of the witness to name the injuries received by Mrs. Williams, or to describe them to the jury, there is no prejudice to the plaintiff apparent on the record in the ruling of the court. Moreover the force of the upset was amply shown by other evidence, and this court will not reverse a judgment on the assumption that the answer of the witness to the interrogatory in question was so material as to require such reversal.

Again the defendant in his cross examination was inquired of as follows:

"Q. Was there anything at all done by

way of the people in the automobile, the plaintiff or anybody else that in the slightest degree helped to cause the accident?"

On objection by the defendant this question was ruled out by the court and it is apparent we think that the ruling was correct for the question only asks for an opinion or conclusion of the witness. Moreover there is no claim of contributory negligence involved in the suit, nor is there any evidence whatever to indicate that there might be some joint negligence of parties contributing to the overturning of the machine.

And another question found at page 104 of the bill of exceptions was properly ruled out for the reason that it also inquired for the opinion or the conclusion of the witness.

A further complaint is made of the refusal of the court to sustain a motion made by the plaintiff at the close of all of the evidence for a directed verdict, leaving to the jury only the question of the amount of damages. This motion was made as we understand the argument of counsel on the theory that the evidence as then presented made the case one subject to the rule of res ipsa loquitur. We are not persuaded that the facts shown in evidence bring the case within that rule, but if the facts did justify an application of said rule, the Supreme Court in the case of **Gas Company v Brodbeck, 114 Oh St 423,** clearly explains that the rule in question is a rule of evidence, and that the inference to be drawn from the application of the rule is one for the determination of a jury. It is apparent, therefore, that there was no error in overruling this motion.

It further appears from the record that the plaintiff before argument requested the court to give the following special instruction to the jury:

"Since all the evidence introduced in this case affirmatively shows that the drinking of beer or drinking of whisky in no way contributed to causing the automobile accident it is your duty therefore and I so charge you, in determining the rights of the parties to entirely disregard all of such evidence."

The trial court refused to give this instruction to the jury, and we think that the instruction was properly refused.

For some reason the record shows that the plaintiff was not inclined to emphasize in any way the fact that the party in the automobile at the time of the accident had been together for some time prior to the accident and that they had consumed some intoxicating liquor. While the evidence shows the quantity so consumed was not large, and there is no evidence of any effect of the liquor on the defendant or any of the parties, the fact that the party was indulging in liquor was a thing the jury had a right to consider. It had a right to consider that fact as something which might reflect on the weight of the evidence they gave, if nothing more.

We know of no precedent which would support the right of a trial court to disregard the facts of drinking intoxicating liquor in any case where for any reason the acts of the individuals involved are in question.

There are some complaints made of the general charge of the court, but on examination of the charge we find no basis for these complaints or any facts upon which the complaints may apply.

Upon inspection of the general charge we find that the court did sufficiently define negligence and sufficiently explained to the jury the meaning of proximate cause.

We find no error in the record and the judgment is affirmed.

MAUCK, PJ, and FARR, J, concur.